1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JAMES P. DIWIK Bar No. 164016
2   JENNIFER R. BEIERLE Bar No. 227505
    One Market Plaza
3   Steuart Tower, 8th Floor
    San Francisco, California 94105
4   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
5
    Attorneys for Plaintiff
6   Travelers Casualty & Surety Company of America

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| 11 TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | CASE NO. C 05 01417-SI |
|---|---|
| 12       Plaintiff, | **STIPULATION AND [PROPOSED] AMENDED ORDER OF DISMISSAL UPON SETTLEMENT** |
| 13   v. | |
| 14 TINNEY CONSTRUCTION CORPORATION, AIDAN TINNEY AND CHRISTY TINNEY, | |
| 15 | |
| 16       Defendants. | |

17

18       Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff Travelers Casualty and Surety Company of

19   America ("Travelers") and defendants Tinney Construction Corporation, Aidan Tinney, and

20   Christy Tinney (collectively the "Defendants") stipulate to entry of an amended order dismissing

21   this matter with prejudice but providing that the Court retain jurisdiction for the limited purpose

22   of enforcing the *Settlement Agreement and Release* ("Settlement Agreement") which Travelers

23   and Defendants have executed, a true and correct copy of which is attached as Exhibit A. The

24   Settlement Agreement is expressly incorporated herein in its entirety.

25       Based on the foregoing Stipulation and as provided within the Settlement Agreement, the

26   parties respectfully request that the Court dismiss the lawsuit with prejudice while retaining

27   jurisdiction for the purposes of enforcing the Settlement Agreement.

28

1                        SEDGWICK, DETERT, MORAN & ARNOLD LLP

2

3                        By:_____

4                           James P. Diwik
                           Attorneys for Plaintiff
                           Travelers Casualty & Surety Company of America

5

6                        MILLER, MORTON, CAILLAT & NEVIS, LLP

7

8                        By:_____

9                           Stevan Adelman
                           Attorneys for Defendants
                           Tinney Construction Corporation, Aidan Tinney, and
10                      Christy Tinney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **ORDER OF DISMISSAL**

2         This Court having duly considered the stipulation of the parties and in the interests of

3    justice, orders as follows:

4         ORDERED that this matter is DISMISSED WITH PREJUDICE.

5         IT IS FURTHER ORDERED that this Court retain jurisdiction over the parties to this

6    litigation for purposes of enforcing the terms and conditions of the Settlement Agreement, which

7    is incorporated herein in its entirety.

8    DATED: _____, 2006.

9

10                                        Susan Illston
11                                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release ("Agreement") is entered into by and between Travelers Casualty and Surety Company of America ("Travelers") on the one hand, and Tinney Construction Corporation ("Tinney Construction"), Aidan Tinney and Christy Tinney (collectively, the "Indemnitors"), on the other hand.  The foregoing parties are collectively referred to as the "Parties."

## <u>RECITALS</u>

A.      On March 8, 2002, the Parties entered into a General Agreement of Indemnity ("Indemnity Agreement") in which the Indemnitors agreed to, among other things, indemnify Travelers from any loss and expense it incurred in connection with any public works performance and payment bonds issued by Travelers to or on behalf of Tinney Construction;

B.      On April 7, 2005, Travelers filed an action in the United States District Court for the Northern District of California, denoted as Civil Action No. C 05 1417 SI, to recover from the Indemnitors amounts paid and/or losses incurred on surety bonds issued on behalf of Tinney Construction (the "Lawsuit");

C.      In the Lawsuit, Travelers contends that the Indemnitors owe Travelers $3,298,115.58 under and by virtue of the Indemnity Agreement as well as other applicable law;

D.      On February 14, 2006, the Parties participated in a private mediation session and reached a settlement of all claims and causes of action in the Lawsuit and arising from the Indemnity Agreement.  The terms and conditions of the settlement agreement were memorialized in a handwritten document signed by the parties (a true and correct copy of which is attached as <u>Exhibit A</u> and incorporated into this Agreement by reference and made a part hereof); and

E.      The Parties desire to memorialize the final terms and conditions of the February 14, 2006 settlement agreement in a more formalized agreement (although the February 14, 2006 settlement agreement attached hereto as <u>Exhibit A</u> remains in full force and effect).

EXHIBIT A

## <u>AGREEMENT</u>

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the Parties agree as follows:

1.      The foregoing Recitals are true and correct and are hereby incorporated by reference and made part of this Agreement.

2.      <u>Promissory Agreement</u>

In satisfaction of Travelers' claim for indemnity and reimbursement against the Indemnitors outlined above and pursuant to its contractual, legal and equitable rights, the Indemnitors have agreed to pay Travelers as set forth in detail below and in accordance with the terms and conditions of that certain Promissory Note and attachments thereto to be executed by the Indemnitors contemporaneously with this Agreement (the "Note").  The Note is attached hereto as <u>Exhibit B</u>.

3.      <u>Payment</u>

The Indemnitors shall pay (and be obligated, jointly and severally) to Travelers the sum of $225,000.00, payable as follows:

   a.   A first payment of Fifty Thousand Dollars ($50,000.00) payable to Travelers Casualty and Surety Company of America at 175 Lennon Lane, Ste. 200, Walnut Creek, CA 94598 on or before March 23, 2006 (Travelers acknowledges that this payment has been received by it prior to the execution of this Agreement);

   b.   A second payment of Fifty Thousand Dollars ($50,000.00) payable to Travelers Casualty and Surety Company of America at 33650 6th Avenue South , Suite 200, Federal Way, WA 98003, Attn:  Steve Pand on or before September 21, 2006 (Travelers acknowledges that it has received, prior to the execution of this Agreement, a $32,000 installment on this payment);

   c.   A third payment of Fifty Thousand Dollars ($50,000.00) payable to Travelers Casualty and Surety Company of America at 33650 6th Avenue South , Suite 200, Federal Way, WA 98003, Attn:  Steve Pand on or before March 21, 2007;

   d.   A fourth payment of Fifty Thousand Dollars ($50,000.00) payable to Travelers Casualty and Surety Company of America at 33650 6th Avenue South , Suite 200, Federal Way, WA 98003, Attn:  Steve Pand on or before September 21, 2007; and

   e.   A fifth payment of Twenty-Five Thousand Dollars ($25,000.00) payable to Travelers Casualty and Surety Company of America at 33650 6th Avenue South, Suite 200,, Federal Way, WA 98003, Attn:  Steve Pand on or before March 21, 2008.

EXHIBIT A

4.     <u>Security</u>

To secure each payment described in paragraph 3, Aidan Tinney and Christy Tinney shall execute a deed of trust in the amount of $225,000.00, with Travelers as beneficiary encumbering the following real property:

- The property owned by Aidan Tinney and Christy Tinney, commonly known as 23780 Stage Coach Drive, Sonora, California, 95370 (APN 080-232-08); "Lot 335 of CEDAR RIDGE RANCH UNIT 9A AND 9B, as shown on the Official Map thereof, filed for record on June 26, 1968, in Volume 3 of Subdivisions, Page 62, Tuolumne County Records."

The deed of trust described above will be reconveyed by Travelers to Aidan Tinney and Christy Tinney when, and provided that, the payments described in paragraph 3 are made in a timely fashion pursuant to the terms of this Agreement.

If the real property described above is sold or refinanced before the time for making the payments set forth in paragraph 3, has expired, then Travelers shall be entitled to all funds to be received by the Indemnitors from the sale, up to the amount of the settlement amount of $225,000.00 or such lesser amount as may be due and owing at the time of the close of escrow. These payments will be credited toward the payments due from the Indemnitors at the time(s) set forth in paragraph 3, sections (a) – (e).  For example, if the payment covers the amounts due on March 23, 2006 and September 21, 2006, the next payment is not due until March 21, 2007.

5.     <u>Stipulated Judgment</u>

The Indemnitors shall stipulate to and execute a non-appealable judgment in favor of Travelers against Tinney Construction, Aidan Tinney, and Christy Tinney, jointly and severally, in the sum of $3,298,115.58 ("Stipulated Judgment") in the form attached as <u>Exhibit C</u>) to be entered by Travelers in the event of the Indemnitors' "Default" as defined in paragraph 2.

6.     <u>Default: Definitions and Effect</u>

a.     If any installment payment as set forth in paragraph 3 has not been made on or before the date scheduled for payment, then Travelers shall notify the Indemnitors in writing at 23780 Stage Coach Drive, Sonora, California, 95370 and Stevan Adelman at Miller, Morton, Caillat & Nevis, LLP, 25 Metro Drive, 7th Floor, San Jose, California, 95110.  Notice is deemed given at the time of deposit with the U.S. Postal Service with postage fully prepaid.  If payment is not received within five (5) business days from the date of such default notice, then the Indemnitors shall be deemed to be in default under this Agreement.

b.     If any of the statements set forth in the Indemnitors' financial statement signed by Aidan Tinney on November 7, 2005 and Christy Tinney on November 18, 2005, and attested and affirmed on February 14, 2006 (attached hereto as <u>Exhibit D</u> which is incorporated into this Agreement by reference and made a part hereof), is discovered by Travelers to be materially false, then the Indemnitors shall be deemed to be in default under this Agreement.

EXHIBIT A

If the Indemnitors are deemed to be in Default under paragraph 6, Travelers may, upon twenty-four (24) hours notice to the Indemnitors and/or their attorney Stevan Adelman, move the court for enforcement of the Stipulated Judgment in the sum of $3,298,115.58 (less payments previously made by the Indemnitors to Travelers under the terms of this Agreement) and may pursue any and all post-judgment remedies and procedures as allowed by law in collecting all unpaid sums owing by the Indemnitors.  There will be no right of appeal from this Stipulated Judgment on behalf of Indemnitors.  The parties agree that Department 10 of the Northern District of California Court shall retain jurisdiction over the settlement and this Agreement, including entry and execution of the Stipulated Judgment as necessary.

7.    Assignment

As part of the consideration for this Agreement, the Indemnitors, including Tinney Construction, assign, transfer, and set over to Travelers all rights, claims, actions, and causes of action that it has or may have, whether or not known or asserted, arising out of or related to the construction projects bonded by Travelers including, but not limited to, claims for latent defects, and/or warranties, claims against Tinney Construction's insurance policies, claims for bonded contract proceeds or monies otherwise due thereunder as well as any extra work and/or affirmative claims against either the owner on the bonded contract projects as well as all subcontractors and suppliers of Tinney Construction on such projects bonded by Travelers (the "Assigned Claims").

The Indemnitors hereby irrevocably constitute and appoint Travelers (and all officers, employees or agents designated by Travelers), with full power of substitution, as Indemnitors' true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of the Indemnitors and in the names of the Indemnitors or in its own name, from time to time in Traveler's discretion, to execute documents in connection with the Assigned Claims as though Travelers had the same legal rights with regard to the Assigned Claims as the Indemnitors for all purposes, and to do, at Travelers' option and the Indemnitors' expense, at any time or from time to time, all acts and other things that Travelers reasonably deems necessary to perfect, preserve, or realize its rights under the Assigned Claims, all as fully and effectively as Indemnitors might do. Indemnitors hereby ratify, to the extent permitted by law, all that said attorneys shall lawfully do or cause to be done by virtue hereof.

8.    Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of California.

9.    Waiver of California Civil Code Section 1542

Except for the rights, duties and obligations expressly created or reserved by this Agreement (including rights assigned herein), each of the Parties, on behalf of itself, its predecessors, successors, assigns, officers, partners, partnerships, parents, principals, subsidiaries, affiliates and related entities hereby releases and waives against each of the other Parties and their predecessors, successors, assigns, officers, partners, partnerships, parents, principals, employees, agents, representatives, subsidiaries, affiliates, and related entities any and

EXHIBIT A

all claims, rights, actions, and causes of action, known or unknown, patent or latent, which in any way refer to, relate to, arise out of the Lawsuit or the Indemnity Agreement, or which otherwise relates or pertains to projects of Tinney Construction bonded by Travelers.

The Parties expressly waive the provisions of Section 1542 of the California Civil Code which reads as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

The Parties have been advised by their legal counsel that although it is possible that any of the Parties may discover new or additional damages or injuries, this Agreement includes all claims against each other and extinguishes all obligations in favor of the Parties from the facts and civil litigation described above, **except that** the Parties acknowledge and agree that this release hereby expressly excludes any release of any present or future claims by Travelers against the Indemnitors arising from any latent defects as to the design, work performed, or materials or equipment supplied, or from guarantees and warranties required under the terms of Tinney Construction's bonded contracts pertaining to the work, labor and/or materials furnished to any Tinney Construction project bonded by Travelers, and that all guarantees and warranties shall remain in full force and effect in accordance with their terms which, however, shall not be extended nor enlarged hereby.  For the purpose of this exception, the Parties each expressly reserve any and all defenses, cross-claims and counterclaims with respect to future claims arising from unexpired express warranties, if any, or latent defects as to the design, work performed, or materials or equipment supplied to the involved bonded project(s).  Any defects currently known to or which should be known as of the date of execution of this Agreement as the result of reasonable inquiry by a project's owner shall not be considered latent.

10. <u>Assistance and Cooperation</u>

a.     The Indemnitors shall assist and cooperate with Travelers to the fullest extent reasonably possible in connection with Travelers' pursuit of the Assigned Claims, or in claims against Travelers in connection with Tinney Construction projects bonded by Travelers.

b.     The Indemnitors shall provide Travelers with Tinney Construction's job files for all projects bonded by Travelers ("Job Files").  Travelers shall retain the Job Files and allow the Indemnitors reasonable access to the Job Files upon request.

c.     The Parties agree to execute any other instrument of convenience and/or necessity to carry out the terms of this Agreement.

11. <u>Surplus Recovery</u>

If Travelers, in pursuing the Indemnitors' claims, obtains a surplus recovery over and above all of Travelers' losses and expenses in connection with all of the Indemnitors' projects

EXHIBIT A

bonded by Travelers, including its costs and attorneys' fees (an amount at least $3,298,115.58 as of the date of this Agreement), the surplus will be remitted by Travelers to Tinney Construction.

12.  Dismissal

The Parties shall stipulate to an amended order of dismissal of the Lawsuit with prejudice in the form attached hereto as Exhibit E, incorporating the terms of this Agreement into the dismissal order so that the Court retains jurisdiction over the settlement and this Agreement, including entry and execution of the Stipulated Judgment as necessary.

13.  Attorneys' Fees

Each party will bear his/her/its own respective costs and attorneys' fees incurred in this matter, except as provided in this Agreement and the attachments thereto.

14.  Binding Effect

This Agreement shall accrue in favor of and be binding upon each of the Parties' respective co-trustees, heirs, successors and assigns.

15.  Jurisdiction

This Agreement shall constitute a settlement in accordance with and pursuant to the provisions of the Code of Civil Procedure § 664.6. Each Party to this Agreement specifically authorizes the U.S. District Court for the Northern District of California to retain jurisdiction for the purposes of enforcement and interpretation of this Agreement. In accordance with Code of Civil Procedure § 664.6, any of the Parties, upon motion, may request that this Court enter the Stipulated Judgment pursuant to the terms of this Agreement. In any such motion to enforce this Agreement, the prevailing Party shall be entitled to a reasonable attorney's fee and costs.

16.  Severability

In the event that any of the terms, conditions, or covenants contained in this Agreement are held to be invalid, such invalidity shall not effect any of the other terms, conditions, or covenants contained herein, which shall remain in full force and effect.

17.  No Representations Not Contained Herein

The undersigned acknowledge that no representations or promises not expressly contained in this Agreement have been made to them, and further acknowledge that they are not entering into this Agreement on the basis of any promise or representation, express or implied, other than such as may be contained herein.

18.  Non-Assignment and Non-Transferability

The Parties represent, warrant and agree that they have not heretofore assigned, transferred, nor will they in the future in any manner assign or transfer to any entity, person or corporation any claim, demand or cause of action in any way arising out of, connected with,

EXHIBIT A

based upon, related to, or associated with this Agreement, the Indemnity Agreement, or the Lawsuit.

1. Integration

This Agreement, including all attachments, is an integrated written agreement which contains all the terms agreed upon by the Parties with respect to its subject matter. The terms of this Agreement are contractual and not mere recitals. This Agreement supersedes all prior and contemporaneous oral statements, representations, negotiations, understandings, and agreements. This Agreement can only be amended by a written agreement signed by all Parties to this Agreement. This Agreement is executed without reliance upon any representation by any of the Parties or their representatives, and all Parties have carefully read this Agreement, have been advised of its meaning and consequences by their respective attorneys, and sign the same of their own will.

2. Authority

Each of the signatories hereto represents and avers that he or she has full and complete authority to sign this Agreement on behalf of the Party for which he or she signs.

3. Counterparts

This Agreement may be executed by the Parties in counterparts, each of which shall be deemed a complete document and all of which together shall be deemed one and the same documents.

4. Representation By Counsel

The Parties hereto declare that they have been represented in negotiations for, and in preparation of this Agreement by counsel of their own choosing, that they have read this Agreement, and that they are fully aware of its contents and of its legal effect.

5. Titles and Headings

The titles and headings used in this Agreement are for reference purposes only and shall not constitute a part hereof or affect the meaning or interpretation of this Agreement.


TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

Dated: April 3, 2006      By: _____
                                    Steve Pand
                                    Its: Senior Surety Claims Attorney


TINNEY CONSTRUCTION CORPORATION


EXHIBIT A

Dated: April 20, 2006

By: _____
Aidan Tinney
Its: President

_____
AIDAN TINNEY, Individually

Dated: April 20, 2006

Dated: April 20, 2006

_____
CHRISTY TINNEY, Individually

APPROVED AS TO FORM:

MILLER, MORTON, CAILLAT & NEVIS, LLP

_____
STEVAN C. ADELMAN
Attorneys for Defendants
Tinney Construction Company,
Aidan Tinney and Christy Tinney

SEDGWICK, DETERT, MORAN & ARNOLD LLP

_____
JAMES P. DIWIK
Attorneys For Plaintiff
Travelers Casualty and Surety
Company of America

EXHIBIT A

# EXHIBIT A

EXHIBIT A

# AGREEMENT

TRAVELERS CASUALTY AND SURETY OF AMERICA, on the one hand, and TINNEY CONSTRUCTION CORPORATION, AIDAN TINNEY and CHRISTY TINNEY, on the other hand, (collectively "TINNEYS") hereby agree as follows:

## RECITALS

1) Various differences and disputes have arisen between TRAVELERS and TINNEYS, arising out of TRAVELERS' issuance of various payment and performance bonds on various projects for TINNEY

EXHIBIT A

CONSTRUCTION CORPORATION.

TRAVELERS claim that TINNEYS owe approximately $3,200,000.00 to TRAVELERS, and TINNEYS deny Same.

2) TRAVELERS has filed a lawsuit against TINNEYS in the United States District Court for the Northern District of California, Case No. C 05 1417, seeking to recover on TRAVELERS claims. (the "Lawsuit")

3) The parties are now desirous of resolving their disputes and differences arising out of the Sands

EXHIBIT A

issued by TRAVELERS, and the Lawsuit.

NOW, THEREFORE, the parties agree as follows:

1) TINNEY CONSTRUCTION CORPORATION, AIDAN TINNEY and CHRISTY TINNEY (and be obligated, jointly one severally) shall pay to TRAVELERS the sum of $225,000.00. Said sum shall be paid as follows:

1) $50,000 in 30 days from 2/21/2006
2) $50,000 in 7 months  "
3) $50,000 in 13 months  "
4) $50,000 in 19 months  "
5) $25,000 in 25 months  "

EXHIBIT A

2) To secure payment of said

Sum, AIDAN TINNEY and CHRISTY

TINNEY shall execute two (2) Deeds
each in the amount of $~~250~~,·225,000
of Trust, with TRAVELERS as beneficiary

encumbering the real property located

at 1760 Hull Ave, Redwood City,

CA 94061, and 23780 Stage Coach

Drive, Sonora, California. Said

Deeds of Trust will be reconveyed

by TRAVELERS when, and provided

that, all payments set forth above

are made in timely fashion.
If ~~either or both propertie and~~ the Hull Avenue property ⟨® and/or Stage Coach Drive

sold or refinanced before the

EXHIBIT A

time for making the payments
set forth in Paragraph 1, above,
has expired, then TRAVELERS
shall be entitled to all funds
to be received by TINNOYS from
the sale, up to the settlement
amount of $25,000.00, or
such lesser amount as may be due
and owing at the time escrow closes.
Said payment will be credited toward
the payments due from TINNOYS at the
time(s) set forth in Paragraph 1, above,
i.e. if the payment covers the payments due
for months 7 and 13, the next payment
is not due until month 19.

EXHIBIT A

3) If any installment payment as
set forth in Paragraph 1, above,
has not been made on or before
the date scheduled for payment, then
TRAVELERS shall notify TINNEYS
in writing, at 1760 Hull Avenue,
Redwood City, California 94061
and Steven C. Adelman, Miller,
Morton, Caillat & Nevis, 25 Metro
Drive, 7th Floor, San Jose, CA.
95110. If payment is not received
by TRAVELERS within five business
days from the date of notice, then
TRAVELERS may take the steps

EXHIBIT A

set forth in Paragraph 4)
hereinbelow.

4) TINNEYS shall stipulate to
entry of judgment in favor of
TRAVELERS and against TINNEYS
in the sum of $3,298,115.58
Said judgment shall not be entered,
and enforcement thereof shall be
stayed, provided that TINNEYS make
the payments set forth in Paragraph
1, above, in timely fashion.
If TINNEYS fail to do so, after
notice pursuant to Paragraph 3 is
given and the grace period set

EXHIBIT A

forth therein expires, then TRANSFERORS may, upon 24 hours notice to TINNEYS and/or their attorney, may have judgment entered for said sum, less payments theretofore made by TINNEYS. There will be no appeal from said judgment, once entered.

5) Provided payments are made by TINNEYS as set forth in Paragraph 1, in timely fashion, then once the last payment is made, TRANSFERORS shall cause the lawsuit to be dismissed with prejudice.

EXHIBIT A

6) Counsel for TRAVELERS and TINDOYS shall cause a settlement agreement to be drawn up and signed by the parties. This formal settlement agreement shall in no way affect the validity and enforceability of this settlement agreement.

7) Each of the signatories hereto represents and avers that he or she has full and complete authority to sign this agreement on behalf of the parties to this agreement.

8) TINDOYS shall co-operate with TRAVELERS to the fullest extent

EXHIBIT A

reasonably possible in connection
with TRAVELERS pursuit of TWNDY'S
claims, or claims against TWNDY'S.
TWNDY'S shall furthe provide TRAVELER
with all TWNDY'S job files, provided
that TRAVELERS retain same, and
the TWNDY'S have reasonable access
thereto, upon request from TWNDY'S.
q) Except for the obligation created
by this agreement, and as otherwise
stated in this agreement, TRAVELER
and TWNDY'S release each other, and
their agents, servants and assigns, from
any and all claim arising out of,

EXHIBIT A

or in anyway connected with the bonds, the lawsuit, and any other transactions involving TWOBoys and TRAVELERS. A formal settlement agreement will include waivers of Civil Code §1542, and the parties to this agreement agree to such waivers. This release excepts claims against TINNEY CONSTRUCTION for latent defects, warranties, or claims against TINNEY CONSTRUCTION insurance policies.

10) If any of the statements set forth on TWOBoys financial statement signed by ADAM TINNEY on November 7, 2005 and CHRISTY TINNEY on and attested and affirmed to on 2/14/06 are attached as November 18, 2005 is found to be hereto as Exhibit "A" materially false, then TRAVELERS will be entitled to enter judgment

against TINNEY on the terms and conditions set forth in Paragraph 4, hereinabove.

11) TINNEY CONSTRUCTION herein assigns to TRAVELERS any and all claims, including claims for contract proceeds ~ all TRAVELERS bonded projects.

12) The parties shall take all necessary steps to obtain a sixty day continuance of all court proceedings in connection with the lawsuit.

13) If TRAVELERS, in pursuing TINNEYS Claims, obtains a surplus recovery

EXHIBIT A

over and above all of TRAVELERS
lost, cost, and expense in connection
with all bonded jobs, including
its costs and attorneys fees. Said
surplus will be remitted by TRAVELERS
to TINNEY CONSTRUCTION CORPORATION.

4) This agreement may be offered
in evidence for purposes of enforcing
the settlement terms set forth herein.

Executed on February 14, 2006, at
San Francisco, California.

TINNEY CONSTRUCTION CORPORATION

By: ADAM TINNEY. President

_____          TRAVELERS CASUALTY AND SURETY
ADAM TINNEY                        OF AMERICA

_____          _____
CHRISTY TINNEY                     BY PATRICIA GELFOIL

EXHIBIT A

Exhibit "A"

# PERSONAL FINANCIAL STATEMENT

If married you may apply for separate or joint credit.

**SEPARATE CREDIT** - Please provide information about your spouse if you are a resident of California or are relying upon property located in a community property state to repay the credit requested. Your spouse need not sign this form.

You need not provide information about your spouse if you are separated.

**JOINT CREDIT** - If this financial statement is provided in connection with an application for joint credit include information about your spouse and have your spouse sign this form.

If you are married and not separated, and unless you indicate otherwise all stated income and assets will be presumed to be community property and all stated debts and obligations will be presumed to be liabilities of the community property.

| TO: | Date of Birth 09-14-1966 | Marital Status [X] Married | Dependents Number 3 |
|---|---|---|---|
| Name in Full Aiden W. Tinney | Social Security Number 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 | Unmarried / Date Married | Ages: 18, 17 + 15 |
| Residence Address (No., Street, City, State, Zip Code) 1760 Hull Ave., Redwood City, Ca. 94061 | Yrs. at Address 4 months | Telephone & Ext. 650-280-0437 | |
| Previous Address (If an above address less than 5 years, No., Street, City, state, Zip Code) 125 Kerri Ct. Redwood City, Ca. 94061 | E-Mail Address | | |
| Employer Tinney Construction | How Long? 5 | Address (No., Street, City, State, Zip Code) 575 Price St. Redwood City, Ca | Telephone & Ext. 650-368-7842 |
| Annual Salary or Wages 150,000 | N/A | Other Income: You do not have to include information on income from alimony, child support or separate maintenance unless you want us to consider it in granting credit. | |

## SPOUSE INFORMATION SECTION

| Spouse's Name Christy L. Tinney | Social Security Number 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 | Date of Birth 09/21/1970 | |
|---|---|---|---|
| Spouse's Employer City of San Carlos | How Long? 4 | Address (No., Street, City, State, Zip Code) 600 Elm St. San Carlos, Ca. 94070 | Telephone & Ext. 650-802-4277 |
| Annual Salary or Wages 65,000- | N/A | Other Income: You do not have to include information on income from alimony, child support or separate maintenance unless you want us to consider it in granting credit. | |

**FINANCIAL CONDITION AS OF**     DATE:

| ASSETS | | Amount | LIABILITIES | | Amount |
|---|---|---|---|---|---|
| CASH | Bank | | NOTES | Chase Manhattan L.O.C | 100,000 |
| | Other Banks Patelco | 14,000 | PAYABLE TO BANKS | Other (Itemize, Schedule 4) | |
| | Avarentee | 1,500 | | | |
| STOCKS AND BONDS | Listed (Schedule 1) | | OTHER NOTES AND ACCOUNTS PAYABLE | Real Estate Loans (Schedule 2) | 807,000- |
| | Unlisted (Schedule 1) | | | State Contracts & Sec. Agreements (Sch 4) | |
| REAL ESTATE | Improved (Schedule 2) | 1,100,000 | | | |
| | Unimproved (Schedule 2) | | TAXES PAYABLE | Current Year's Taxes Unpaid | |
| | | | | Prior Year's Income Taxes Unpaid | |
| RETIREMENT ACCOUNTS | Principal Group Whole Life Ins | | | Real Estate Taxes Unpaid | |
| | Carpenters Union | 80,000 | OTHER LIABILITIES | Credit Card Debt | 19,000- |
| ACCOUNTS AND NOTES RECEIVABLE | Trust Deed (Schedule 3) | | | Other (Itemize, Schedule 4) | |
| | Relatives & Friends (Schedule 4) | | | Stock Margin Account | |
| | Other (Schedule 4) | | | | |
| OTHER PERSONAL PROPERTY | Automobile(s) | 40,000 | | | |
| | Other (Itemize, Schedule 4) | | | TOTAL LIABILITIES | 926,000 |
| | | | | NET WORTH | 309,500 |
| | TOTAL ASSETS | 1,235,500 | | TOTAL LIABILITIES & NET WORTH | 1,235,500 |

11/7/05

WE DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THIS STATE OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT.

11-18-05

Christy D. Tinney 02-14-06

2/14/06

# EXHIBIT B

EXHIBIT A

# PROMISSORY NOTE

In satisfaction of all losses and expenses incurred as of the date of this Promissory Note by Travelers Casualty and Surety Company of America ("Travelers"), Tinney Construction Corporation, Aidan Tinney and Christy Tinney (collectively "Indemnitors") jointly and severally agree to pay Travelers as set forth below, such payments allocated to expenses until fully reimbursed and then to loss.

1.   <u>Payment.</u>

a.   On or before March 23, 2006, Indemnitors agree to pay Travelers the sum of $50,000.00.

b.   On or before September 21, 2006, Indemnitors agree to pay Travelers the sum of $50,000.00.

c.   On or before March 21, 2007, Indemnitors agree to pay Travelers the sum of $50,00.00.

d.   On or before September 21, 2007, Indemnitors agree to pay Travelers the sum of $50,000.00.

e.   On or before March 21, 2008, Indemnitors agree to pay Travelers the sum of $25,000.00.

2.   <u>Default in Payments.</u>  In the event that Indemnitors fail to make any of the monthly payments set forth in paragraph 1 above on the date such payments are due, Travelers shall provide written notice to:

> Aidan and Christy Tinney
> 23780 Stage Coach Drive
> Sonora, California 95370
>
> Stevan Adelman
> Miller, Morton, Caillat & Nevis, LLP
> 25 Metro Drive, 7th Floor
> San Jose, California, 95110

If payment is not made within 5 business days after said written notice is provided, Indemnitors agree that the following shall occur:  (a) the amount of **$3,298,115.58**, less amounts previously paid by Indemnitors to Travelers, will be immediately due Travelers by Indemnitors along with interest thereon from the date of default at the then applicable legal rate (presently 10% in California); and (b) Travelers is entitled to recover its costs incurred, including attorney's fees, against Indemnitors in enforcing the terms of this Promissory Note, such fees to be determined by the Court.

3.   <u>Other Default.</u>  If any of the statements set forth in the Indemnitors' financial statement signed by Aidan Tinney on November 7, 2005 and Christy Tinney on November 18, 2005, and attested and affirmed on February 14, 2006 (attached as <u>Exhibit 1</u> hereto), is discovered to be

EXHIBIT A

materially false, Indemnitors agree that the following shall occur:  (a) the amount of **$3,298,115.58**, less amounts previously paid by Indemnitors to Travelers, will be immediately due Travelers by Indemnitors along with interest thereon from the date of default at the then applicable legal rate (presently 10% in California); and (b) Travelers is entitled to recover its costs incurred, including attorney's fees, against Indemnitors in enforcing the terms of this Promissory Note, such fees to be determined by the Court.

   4. <u>Security With Deed of Trust to Real Property.</u>  This Promissory Note will be secured by a deed of trust to be executed by Aidan Tinney and Christy Tinney as trustors in favor of Travelers as beneficiary effective as of the same date as this Promissory Note in the form attached hereto as <u>Exhibit 2</u> ("Deed of Trust") and encumbering the property as described in the Deed of Trust.  The holder of this Promissory Note will be entitled to the benefits of the security provided by the Deed of Trust and will have the right to enforce the covenants and agreements contained in the Deed of Trust.

   If the property described above is sold or refinanced before the time for making the payments set forth in paragraph 1 has expired, then Indemnitors  agree to pay to Travelers all funds they receive for the sale, up to the amount of the settlement amount of $225,000.00 or such lesser amount as may be due and owing at the time of the close of escrow.  These payments will be credited toward the payments due from the Indemnitors at the time(s) set forth in paragraph 1, sections (a) – (e).  For example, if the payment covers the amounts due on March 23, 2006 and September 21, 2006, the next payment is not due until March 21, 2007.

   5. <u>Indemnity Agreement.</u>  Indemnitors herein ratify and agree that the terms and conditions of the General Agreement of Indemnity, executed by Indemnitors on or about March 8, 2002 survive and remain in full force and effect, modified only by the terms and conditions of this Promissory Note and the claims released in paragraph 3 of the Settlement Agreement of even date herewith.

   6. <u>Manner of Payments.</u>  The payments made under this Promissory Note shall be made by check, drawn on an account of good and sufficient funds, made payable to "Travelers Casualty and Surety Company of America," and delivered by first class mail or other method of equal reliability to:

    Steve Pand
    33650 6th Avenue South, Suite 200
    Federal Way, WA 98003

EXHIBIT A

Payments will be deemed made on the date they are postmarked or otherwise transmitted.

7.      <u>Severability.</u>  Every provision of this Promissory Note is intended to be severable.  In the event any term or provision hereof is declared by a court of competent jurisdiction to be illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect any other terms and provisions of this Promissory Note, which terms and provisions shall remain binding and enforceable.

8.      <u>Non-Assignment.</u>  Indemnitors may not assign this Promissory Note or any of their rights or obligations hereunder, nor delegate the same, without the prior written consent of Travelers (which consent may be given or withheld in the sole discretion of Travelers).

9.      <u>Waiver.</u>  Indemnitors hereby waive diligence, presentment, protest and demand, notice of protest, dishonor and nonpayments of this Promissory Note and expressly agree that, without in any way affecting the liability of Indemnitors hereunder, Travelers may accept additional security, release any party liable hereunder, and release any security now or hereafter securing this Promissory Note.  Indemnitors further waive, to the fullest extent permitted by law, the right to plead any and all statutes of limitations as a defense to any demand on this Promissory Note, or any security securing this Promissory Note.

10.     <u>Prepayment.</u>    There will be no prepayment penalty.

11.     <u>Governing Law.</u>  This Promissory Note has been made and delivered in the State of California and shall be construed in accordance with the laws of the State of California.

12.     <u>Headings.</u>  Headings at the beginning of each paragraph of this Note are intended solely for convenience and are not to be deemed or construed to be a part of this Note.

13.     <u>Waiver of Jury Trial.</u>  Indemnitors acknowledge that in the event of a dispute between Indemnitors and Travelers, a trial by a court sitting without a jury would be less costly to prepare for and present and would most likely avoid a longer delay in waiting for jury trial availability on the court calendar.  to the fullest extent permitted by law, Indemnitors hereby expressly waive any right to a jury trial of any demand, action or cause of action (a) arising under this Promissory Note or any of the related documents, or (b) in any way connected with or related or incidental to the dealings of Indemnitors and Travelers with respect to this promissory note or any of the related documents and transactions, whether sounding in contract, tort or otherwise.  Indemnitors hereby agree and consent that any such claim, demand, action or cause of action shall be decided by court trial without jury, and that Indemnitors and/or Travelers may file an original counterpart or a copy of this paragraph

EXHIBIT A

with any court as written evidence of the consent of Indemnitors to the waiver of their right to a jury trial.

14.     Final Agreement.  This Promissory Note and other transaction documents represent the final agreement between Indemnitors and Travelers pertaining to the subject matter hereof, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements by the parties.  There are no unwritten oral agreements among the parties.

Wherefore Tinney Construction Corporation, Aidan Tinney, and Christy Tinney execute this Promissory Note.

DATED: ~~April~~ _MAY 24_, 2006

DATED: ~~April~~ _MAY 24_, 2006

DATED: ~~April~~ _May 24_, 2006

TINNEY CONSTRUCTION CORPORATION

By: _AIDAN TINNEY_
Its: _PRESIDENT_

_____
Aidan Tinney, Individually

_____
Christy Tinney, Individually

**Attach Notarial Acknowledgment**

**Please See Attached
Acknowledgement
From Notary Public**

EXHIBIT A

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _____SAN MATEO_____ } ss.

On ___05/24/06___, before me, K. RATHOD, NOTARY PUBLIC
   Date                     Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared ___AIDAN TINNEY AND___,
                                       Name(s) of Signer(s)

___Christy L. Tinney___

☐ personally known to me

☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

```
K. RATHOD
Commission # 1645690
Notary Public - California
San Mateo County
My Comm. Expires Mar 14, 2010
```

Place Notary Seal Above

WITNESS my hand and official seal.

_____K. Rathod_____
Signature of Notary Public

---
## OPTIONAL
---

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: ___SETTLEMENT AGREEMENT AND RELEASE___

Document Date: ___05/24/06___ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _____ | Signer's Name: _____ |
|---|---|
| ☐ Individual | ☐ Individual |
| ☐ Corporate Officer — Title(s): ____ | ☐ Corporate Officer — Title(s): ____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT A

# EXHIBIT C

EXHIBIT A

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   JAMES DIWIK  Bar No. 164016
2  JENNIFER R. BEIERLE  Bar No. 227505
   One Market Plaza
3  Steuart Tower, 8th Floor
   San Francisco, California 94105
4  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
5
   Attorneys for Plaintiff
6  Travelers Casualty & Surety Company of America

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11 TRAVELERS CASUALTY & SURETY              CASE NO. C 05 01417-SI
   COMPANY OF AMERICA,
12                                          **NON-APPEALABLE JUDGMENT**
            Plaintiff,
13
            v.
14
   TINNEY CONSTRUCTION
15 CORPORATION, AIDAN TINNEY AND
   CHRISTY TINNEY,
16
            Defendants.
17

18         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

19 1.      Defendants Tinney Construction Corporation, Aidan Tinney and Christy Tinney

20         ("Defendants") shall pay (and be obligated, jointly and severally) to Travelers Casualty &

21         Surety Company of America ("Travelers") the sum of $3,298,115.58, less payments

22         previously made by the Defendants under the terms of the parties' Settlement Agreement

23         and Release.

24 2.      Travelers shall be allowed such writs and other processes as allowed by law in collecting

25         all unpaid sums owing by the Defendants as shown in this Stipulated Judgment.

26

27 Dated:_____          _____
                                          United States District Court Judge
28

EXHIBIT A                        -1-                     CASE NO. C 05 01417-SI

# EXHIBIT D

EXHIBIT A

Exhibit "A"

# PERSONAL FINANCIAL STATEMENT

If married you may apply for separate or joint credit.

**SEPARATE CREDIT** - Please provide information about your spouse if you are a resident of California or are relying upon property located in a community property state to repay the credit requested. Your spouse need not sign this form.

You need not provide information about your spouse if you are separated.

**JOINT CREDIT** - If this financial statement is provided in connection with an application for joint credit include information about your spouse and have your spouse sign this form.

If you are married and not separated, and unless you indicate otherwise all stated income and assets will be presumed to be community property and all stated debts and obligations will be presumed to be liabilities of the community property.

| TO: | Date of Birth 09-14-1966 | Marital Status [X] Married | Dependents Number 3 |
|-----|--------------------------|----------------------------|---------------------|
| Name in Full  Aidan W. Tinney | Social Security Number 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 | [ ] Unmarried  Date Married | Ages: 18,17+15 |
| Residence Address (No., Street, City, State, Zip Code) 1760 Hull Ave., Redwood City Ca. 94061 | Yrs. at Address 4 months | Telephone & Ext. 650-280-0437 | |
| Previous Address (If above address less than 5 years, No., Street, City, state, Zip Code) 125 Kerri Ct. Redwood City, Ca. 94061 | E-Mail Address | | |
| Employer Tinney Construction | How Long? 5 | Address (No., Street, City, State, Zip Code) 575 Price St. Redwood City, Ca | Telephone & Ext. 650-368-7842 |
| Annual Salary or Wages 150,000 | Other Income: You do not have to include information on income from alimony, child support or separate maintenance unless you want us to consider it in granting credit. N/A | | |

**SPOUSE INFORMATION SECTION**

| Spouse's Name Christy L. Tinney | Social Security Number 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 | Date of Birth 09|21|1970 |
|---|---|---|
| Spouse's Employer City of San Carlos | How Long? 4 | Address (No., Street, City, State, Zip Code) 600 Elm St. San Carlos, Ca. 94070 | Telephone & Ext. 650-802-4277 |
| Annual Salary or Wages 65,000- | Other Income: You do not have to include information on income from alimony, child support or separate maintenance unless you want us to consider it in granting credit. N/A | | |

**FINANCIAL CONDITION AS OF          DATE:**

| | ASSETS | Amount | | LIABILITIES | Amount |
|---|---|---|---|---|---|
| CASH | Bank | | NOTES | Chase Manhattan L.O.C. | 100,000 |
| | Other Banks  Patelco | 14,000 | PAYABLE | Other (Itemize, Schedule 4) | |
| | Guarentee | 1,500 | TO BANKS | | |
| STOCKS AND BONDS | Listed (Schedule 1) | | OTHER NOTES | Real Estate Loans (Schedule 2) | 807,000- |
| | Unlisted (Schedule 1) | | AND ACCOUNTS | State Contracts & Sec. Agreements (Sch 4) | |
| REAL ESTATE | Improved (Schedule 2) | 1,100,000 | PAYABLE | | |
| | Unimproved (Schedule 2) | | TAXES PAYABLE | Current Year's Taxes Unpaid | |
| | | | | Prior Year's Income Taxes Unpaid | |
| RETIREMENT ACCOUNTS | Principal Group Whole Life Ins | | | Real Estate Taxes Unpaid | |
| | Carpenters Union | 80,000 | OTHER LIABILITIES | Credit Card Debt | 19,000- |
| ACCOUNTS AND NOTES RECEIVABLES | Trust Deed (Schedule 3) | | | Other (Itemize, Schedule 4) | |
| | Relatives & Friends (Schedule 4) | | | Stock Margin Account | |
| | Other (Schedule 4) | | | | |
| OTHER PERSONAL PROPERTY | Automobile(s) | 40,000 | | | |
| | Other (Itemize, Schedule 4) | | | TOTAL LIABILITIES | 926,000 |
| | | | | NET WORTH | 309,500 |
| | TOTAL ASSETS | 1,235,500 | | TOTAL LIABILITIES & NET WORTH | 1,235,500 |

11/7/05

11-18-05

Christy L Tinney 02-14-06

2/14/06

EXHIBIT A

WE DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF THE STATE OF CALIFORNIA, THAT THE FOREGOING IS TRUE AND CORRECT.

# EXHIBIT E

EXHIBIT A

1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    JAMES P. DIWIK  Bar No. 164016
2   JENNIFER R. BEIERLE  Bar No. 227505
    One Market Plaza
3   Steuart Tower, 8th Floor
    San Francisco, California 94105
4   Telephone: (415) 781-7900
    Facsimile: (415) 781-2635
5
    Attorneys for Plaintiff
6   Travelers Casualty & Surety Company of America

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11  TRAVELERS CASUALTY & SURETY          CASE NO. C 05 01417-SI
    COMPANY OF AMERICA,
12                                        **STIPULATION AND [PROPOSED]
                Plaintiff,                 AMENDED ORDER OF DISMISSAL
13                                         UPON SETTLEMENT**
            v.
14
    TINNEY CONSTRUCTION
15  CORPORATION, AIDAN TINNEY AND
    CHRISTY TINNEY,
16
                Defendants.
17

18          Pursuant to Fed. R. Civ. P. 41(a)(2), plaintiff Travelers Casualty and Surety Company of

19  America ("Travelers") and defendants Tinney Construction Corporation, Aidan Tinney, and

20  Christy Tinney (collectively the "Defendants") stipulate to entry of an amended order dismissing

21  this matter with prejudice but providing that the Court retain jurisdiction for the limited purpose

22  of enforcing the *Settlement Agreement and Release* ("Settlement Agreement") which Travelers

23  and Defendants have executed, a true and correct copy of which is attached as Exhibit A.  The

24  Settlement Agreement is expressly incorporated herein in its entirety.

25          Based on the foregoing Stipulation and as provided within the Settlement Agreement, the

26  parties respectfully request that the Court dismiss the lawsuit with prejudice while retaining

27  jurisdiction for the purposes of enforcing the Settlement Agreement.

28

EXHIBIT A                          -1-                    CASE NO. C 05 01417-SI
                              PROPOSED ORDER

1                       SEDGWICK, DETERT, MORAN & ARNOLD LLP

2

3            By:_____

                        James P. Diwik

4                     Attorneys for Plaintiff

                     Travelers Casualty & Surety Company of America

5

6                     MILLER, MORTON, CAILLAT & NEVIS, LLP

7

8            By:_____

                     Stevan Adelman

9                     Attorneys for Defendants

                     Tinney Construction Corporation, Aidan Tinney, and

10                  Christy Tinney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A                         -2-                CASE NO. C 05 01417-SI

1     ## ORDER OF DISMISSAL

2          This Court having duly considered the stipulation of the parties and in the interests of

3     justice, orders as follows:

4          ORDERED that this matter is DISMISSED WITH PREJUDICE.

5          IT IS FURTHER ORDERED that this Court retain jurisdiction over the parties to this

6     litigation for purposes of enforcing the terms and conditions of the Settlement Agreement, which

7     is incorporated herein in its entirety.

8     DATED:  April ____, 2006.

9

10    _____

11    Susan Illston
      United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A                              -3-                         CASE NO. C 05 01417-SI
                                  PROPOSED ORDER